UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH LANE (#351047)**                               CIVIL ACTION

**VERSUS**

**WARDEN STEVE C. RADER, ET AL.**                  NO. 10-0454-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 25, 2011.

                                                     **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH LANE (#351047)**                                    **CIVIL ACTION**

**VERSUS**

**WARDEN STEVE C. RADER, ET AL.**                             **NO. 10-0454-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 8. This motion is not opposed.

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve C. Rader and Secretary James M. LeBlanc, complaining that his constitutional rights have been violated by the failure of prison officials to provide him with a federal minimum wage in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. The plaintiff further complains that he is being made to work on weekends and that he is being forced to eat "out dated M.R.E.s".

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, a certified copy of the plaintiff's Master Prison Record, a copy of an unreported decision of the United States District Court for the Middle District of Louisiana, Mosley v. LeBlanc, 2010 WL 2803974 (M.D. La., June 18 2010), and the affidavit of Rhonda Z. Weldon. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which

would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  Anderson, supra.

In his Complaint, the plaintiff alleges that he performs contract jobs as a trustee for DCI and that he wants to be paid a minimum wage in accordance with the FLSA.  In addition, he complains that he is made to work more than forty (40) hours per week, is made to work on weekends, and is made to eat M.R.E.s, apparently when he is away from the prison performing assigned jobs (at which times M.R.E.s are provided for lunch because there are no facilities off-site which allow for the preparation of hot meals).

Initially, the defendants are correct that the plaintiff's claim seeking a minimum wage under the FLSA is frivolous as a matter of law.  This Court recently reviewed a similar claim by an inmate litigant and rejected same.  In doing so, the Court stated:

> Turning to the plaintiff's claim that he has been forced to work without the payment of a reasonable wage, this claim is legally frivolous.  It is well-settled that inmates may be required to work as a part of their sentence, and that such a requirement does not violate any prohibition against slavery contained in the Thirteenth Amendment.  Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989), citing Wendt v. Lynaugh, 841 F.2d 619 (5th Cir. 1988).  Further, with regard to the claim for reasonable wages, the Fifth Circuit has addressed this issue in Watson v. Graves, 909 F.2d 1549 (5th Cir. 1990), a case which in contrast to the present case, involved parish prisoners who had volunteered to perform work and were not sentenced to hard labor.  In that case, the Court described the typical arrangement which has consistently been found not to afford coverage under the Fair Labor Standards Act ("FLSA"):
>
>> [W]hen a prisoner is sentenced to labor as part of his

> sentence, his labor belongs to the prison and is at the disposal of the prison officials. We draw a distinction ... between those prisoners who are sentenced to labor as part of their sentences and those who are not. In the latter case, there is no bar to a FLSA claim because the prisoner's work belongs to him and not to the prison [suggesting by negative inference that in the former case, there is such a bar].
>
> Id. In the instant case, inasmuch as the plaintiff is admittedly incarcerated at WCC and is in the custody of the Louisiana Department of Public Safety and Corrections, which custody presupposes a sentence to a term of imprisonment at hard labor, La. R.S. 15:824C ("only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections"), this Court concludes that the plaintiff's labor "belongs to the prison," and that accordingly, his job assignment at WCC is at the discretion of prison officials. Therefore, pursuant to the reasoning in Watson, supra, the plaintiff is not an "employee" entitled to a reasonable wage within the meaning of the FLSA and has no legal claim of entitlement to reasonable compensation under that Act.

Mosley v. LeBlanc, 2010 WL 2803974 (M.D. La., June 18, 2010). See also Loving v. Johnson, 455 F.3d 562 (5th Cir. 2006); Alexander v. Sara, Inc., 559 F.Supp. 42 (M.D. La. 1983) (same). For identical reasons, the plaintiff's claim seeking FLSA wages in this case is subject to dismissal.

Similarly, the plaintiff's claim that he is made to work more than a forty-hour work week is not a claim of constitutional dimension. See Alexander v. Sara, Inc., supra. See also Taylor v. Robinson, 2003 WL 23314150 (E.D. Va., April 4, 2001). In both of these cases, the Court rejected claims by inmate litigants that they were entitled to overtime pay for work in excess of forty hours per week. The denial of these claims necessarily presupposed that the greater-than-forty-hour work week was not itself a violation of the inmates' constitutional rights. While the FLSA provides that workers in employment relationships may be entitled to extra compensation for work performed in excess of forty hours per week, there is no suggestion that there is any prohibition against requiring that employees work such hours. Further, it is beyond

question that, in the non-prison context, many non-employee professional workers and independent contractors work more than forty hours per week, and it has never been stated that such work subjects these workers to unconstitutional deprivations. And in any event, as previously stated, the plaintiff inmate is not an employee within the meaning of the FLSA. See Mosley v. LeBlanc, supra. Accordingly, in the absence of any allegation by the plaintiff that his work requirements are unduly harsh or painful, so as to implicate the Eighth Amendment prohibition against cruel and unusual punishment, see Howard v. King, 707 F.2d 215 (5th Cir. 1983), the plaintiff is not entitled to relief in connection with this claim.

Finally, the plaintiff's claim that he is made to eat M.R.E.s for lunch when he is away from DCI does not implicate a constitutional claim. In this regard, prison officials are obligated to ensure that inmates receive "well-balanced meal[s], containing sufficient nutritional value to preserve health." Smith v. Sullivan, 553 F.2d 373 (5th Cir. 1977). See also Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986). The plaintiff does not suggest that M.R.E.s do not meet this nutritional standard. To the contrary, it is common knowledge that M.R.E.s are designed to meet the full nutritional requirements of the nation's military personnel while such personnel is deployed in the field. And to the extent that the plaintiff complains that these M.R.E.s are "outdated", he has failed to allege that the meals have been served after their expiration dates as opposed to merely after their "best if used by" dates. And in any event, he has completely failed to allege that he has suffered any physical injury as a result of these M.R.E.s. In this regard, the law is clear that, in the absence of physical injury, the plaintiff is barred from the recovery of compensatory damages for his mere mental or

emotional injuries.  See 42 U.S.C. § 1997e(e).  The plaintiff, therefore, has failed to show any constitutional violation resulting from this claim.

In addition to the foregoing, the plaintiff in this case has offered no opposition whatever to the defendants' Motion for Summary Judgment. Nor has he submitted any affidavit or other evidence refuting the defendants' assertions contained therein.  In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984).  In order to meet his burden, the party opposing a motion for summary judgment "may not sit on [his] hands, complacently relying" on the pleadings.  Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990).  The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor.  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute

the defendants' motion in this case, summary judgment should be granted in favor of the defendants as a matter of law.

RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 8, be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, August 25, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**